UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOSEPH B. CARTER

CIVIL ACTION

VERSUS

NUMBER 14-118-SCR

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY


### RULING ON SOCIAL SECURITY APPEAL

Plaintiff Joseph B. Carter brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying his application for disability insurance income benefits ("SSI").

Based on the standard of judicial review under § 405(g), a careful review of the entire administrative record as a whole, and the analysis that follows, the Commissioner's decision will is affirmed.

### Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Perez v.*

*Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).   If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed.   *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).   Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.   It is more than a mere scintilla and less than a preponderance.   *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.   *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). Judicial review under § 405(g) does not require that all of the evidence support the ALJ's findings.   Even if substantial evidence supports the claimant's position this is not a ground for reversal. As long as the ALJ's finding or decision is supported by substantial evidence in the record as a whole it must be affirmed.[1]

---

[1] *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254, n. 4 (5th Cir. 1972) (as long as there is substantial evidence to support the Commissioner's determination, the quantity of evidence submitted by the claimant is irrelevant in terms of judicial review); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001); *Palimino v. Barnhart*, 515 F.Supp.2d 705, 710 (W.D.Tex. 2007), citing, *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(when record as a whole indicates a mixed collection of evidence regarding plaintiff's impairments and their impact, Commissioner's decision is upheld when there is substantial evidence to support it).

In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). Thus, on judicial review the Commissioner's decision is granted great deference, and the decision will not be disturbed unless the court cannot find substantial evidence in the record to support it, or the court finds an error of law was made. *Leggett v. Chater,* 67 f.3d 558, 564 (5th Cir. 1995).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALJ

3

to apply a five step sequential evaluation to each claim for benefits.  20 C.F.R. § 404.1520.  In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work.  *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps.  At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work.  If the claimant shows at step four that he is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy.  *Myers*, supra.  If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work.  *Boyd*, 239 F.3d at 705.

### Background and Claims of Error

Plaintiff was 59 years of age at the time of the

4

administrative law judge's ("ALJ") decision.[2]  Plaintiff obtained a four year college degree, a masters in business administration and also completed real estate appraisal licensing training in 1995.  Plaintiff's past relevant work was employment as a real estate appraiser from 1993 until July 18, 2011.  In his application for disability benefits the plaintiff asserted that he became disabled and no longer able to work as of July 18, 2011 because of osteoarthritis of his vertebra, coronary artery disease and vision problems.  AR pp. 91-92, 107-113.[3]

After his application was denied at the initial stages, the plaintiff requested an ALJ hearing, after which the ALJ issued an unfavorable decision.  AR pp. 10-38, 50-51.  The ALJ found at the second step that the plaintiff's osteoarthritis, degenerative disk disease, and coronary artery disease were severe impairments.[4]  At the third step the ALJ concluded that the plaintiff's combination of severe impairments did not meet or medically equal the severity of any listed impairment.  AR pp. 15-16.

The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite his severe

---

[2] Plaintiff's age placed him in the category of a person of advanced age. 20 C.F.R. § 404.1563(e).

[3] Plaintiff remains insured for disability benefits through December 31, 2015.  AR p. 13.

[4] The ALJ concluded the plaintiff's vision problems were not severe under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).

impairments, the plaintiff was able to do any of his past relevant work or other work in the national economy.[5]   The ALJ found the plaintiff had an RFC to perform a full range of light work as defined in the regulations.[6]   AR p. 16.   Given this RFC, and based on the hearing testimony of the vocational expert, Wendy Klamm, the ALJ concluded that the plaintiff would be able to perform his past relevant work as a real estate appraiser, as it is performed in the national economy.[7]   Therefore, at the fourth step the ALJ concluded the plaintiff is not disabled.[8]

In his appeal memorandum the plaintiff argued that the ALJ committed the following errors that require reversal of the ALJ's

---

[5] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis.   It is the foundation of the findings at steps four and five. 20 C.F.R. § 404.1545.

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."   20 C.F.R. § 404.1567(b).

[7] Under § 404.1560(b)(2) and the case law it is well-established that a determination of whether a claimant can do his or her past relevant work may rest on descriptions of past work as actually performed or as generally performed in the national economy. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); *Khawaja v. Shalala*, 20 F.3d 1170 (5th Cir. 1994); *Alexander v. Astrue*, 412 Fed.Appx. 719 (5th Cir. 2011).

[8] Plaintiff exhausted his administrative remedies before filing this action for judicial review.   The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

decision: (1) the ALJ should have found severe impairments related
to mild cerebral palsy and idiopathic scoliosis, eyestrain and
light sensitivity; (2) the ALJ should have found the plaintiff had
a listed impairment; (3) the ALJ should have given more weight to
treating physician Dr. Michael Dunn than to the opinions of the
consultative and state agency medical examiners; and (4) the ALJ
should have found that the plaintiff is unable to maintain
employment.

### Analysis

Plaintiff argued that at the second step the ALJ should have
found that he had other conditions - vision problems, mild
cerebral palsy and idiopathic scoliosis - that were severe
impairments.

Review of the record does not support the plaintiff's argument
that the ALJ committed error at step two.  The ALJ determined that
the plaintiff had a combination of severe impairments -
osteoarthritis, degenerative disk disease and coronary artery
disease.  There is no indication in the plaintiff's application or
other records that the plaintiff claimed mild cerebral palsy and
idiopathic scoliosis were severe impairments.  Moreover, the
medical and other records either do not mention these conditions,
and there is no indication that they cause any limitations or
restrictions of the plaintiff's ability to perform work-related

7

activities.[9]   In his decision, the ALJ specifically addressed eyestrain and light sensitivity, but found these impairments were nonsevere.  AR p. 16.  As the ALJ noted, there is a lack of information in the records regarding any treatment or limitations resulting from these impairments.  Review of the record as a whole supports the ALJ's conclusion. Thus, the ALJ applied the correct legal standard at step two[10] and his findings at this step are supported by substantial evidence.[11]

Plaintiff also asserted that the ALJ committed error in his finding at the third step - that the plaintiff did not have impairments that meet or medically equal the severity of a listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1.  The ALJ stated that in reaching this finding, he specifically considered Listing 1.02 (Major disfunction of a joint(s)), Listing 1.04 (Disorders of the spine), Listing 4.04 (Ischemic heart disease), and Listing 14.09 (Inflammatory arthritis).

Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the

---

[9] The mere diagnosis of an impairment or the mention of a condition in the medical records, does not establish that the impairment is disabling or affects a claimant's functional capacity.  *See*, *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983); *Bordelon v. Astrue*, 281 Fed.Appx. 418 (5th Cir. 2008).

[10]  The ALJ cited and applied the correct legal standard - *Stone v. Heckler*.  AR pp. 15-16.

[11] See,  AR pp. 29-31, 35-36, 111, 127, 133-34, 166, 170, 172, 175, 191-92.

8

body system they affect.  Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results.  For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing.  An impairment that exhibits only some of the criteria, no matter how severely, does not qualify.  *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525.  The criteria for listings is stringent, and it is the plaintiff's burden to prove that his condition satisfies a listing.  *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994).

Here, the plaintiff has simply made a conclusory assertion that he should be found disabled at the third step based on a listing.  This is insufficient to demonstrate the ALJ committed an error at this step of the analysis.  Moreover, for the reasons explained by the Commissioner, review of the record as a whole shows that substantial evidence supports the ALJ's conclusion at step three that the plaintiff is not disabled.[12]  This claim of error is unsupported.

In his analysis of the evidence, the ALJ gave little weight to Dr. Dunn's opinion,[13] and greater weight to the opinions of the

_____

[12]  Record document number 11, Defendant's Opposition Memorandum, pp. 5-9.

[13]  AR p. 184, November 10, 2011 letter signed by Michael A.
(continued...)

state agency medical consultant Dr. Charles Lee,[14] and the state agency medical examiner Dr. Stephen Wilson.[15] Plaintiff argued the ALJ committed legal error in discounting the opinions of treating physician Dr. Dunn, and giving more evidentiary weight to the reports of Drs. Lee and Wilson.

The legal principles governing the review of a claim that the ALJ erred in weighing the medical reports and opinions are well-established. Although the opinion and diagnosis of a treating physician should generally be given considerable weight in determining disability, it is well established that a treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown. The ALJ may discount the weight of a treating doctor's medical opinion when it is conclusory, unsupported by medically acceptable clinical, laboratory or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton*, 209 F.3d at 455-56. An ALJ is free to reject the medical opinion of any physician when the evidence supports a contrary conclusion. *Bradley*, 809 F.2d at 1057.

The regulations also state that when the ALJ finds the medical

---

[13](...continued)
Dunn M.D. and addressed, "To Whom it May Concern."

[14] AR pp. 42-44, Charles Lee, M.D., assessment dated October 6, 2011.

[15] AR pp. 185-92, Stephen M. Wilson, M.D., report of physical examination and statement of ability to do work-related activities dated September 7, 2012.

opinion is not entitled to controlling weight, certain factors should be considered in deciding how much weight to give the opinion. These factors include the length of treatment, the consistency of the opinion with the record as a whole, and the treating physician's specialization. 20 C.F.R. §§ 404.1527(c) and (d); SSR 96-2p;[16] *Newton*, 209 F.3d at 456. Nevertheless, the ALJ need not consider each of the factors where there is competing first-hand medical evidence and the ALJ finds that one doctor's opinion is more well-founded than another. *Id.,* at 458; *Walker v. Barnhart*, 158 Fed.Appx. 534 (5th Cir. 2005).

A medical source's opinions on some issues are not medical opinions, but are instead "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e. that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). Thus, a treating source's statement or opinion that the claimant is "disabled" or "unable to work," is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner. The factors set out in the regulations apply only to medical opinions, not opinions reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1)-(3); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

---

[16] TITLES II AND XVI: GIVING CONTROLLING WEIGHT TO TREATING SOURCE MEDICAL OPINIONS, 1996 WL 374188.

Based on these legal principles, review of the ALJ's decision demonstrates that this claim of error has no merit.  To the extent that Dr. Dunn rendered any opinion that the plaintiff was unable to work, or maintain gainful employment, this type of statement is not a medical opinion to which the regulatory factors are applied, and under the regulations such a statement is not given any special significance.  Since there was first-hand medical evidence from other sources, the ALJ was also not required to consider and analyze each factor listed in the regulations.

Nevertheless, the ALJ gave a detailed explanation and had good cause for not fully crediting the statements by Dr. Dunn in his November 2011 letter.  As discussed by the ALJ, Dr. Dunn's opinions were conclusory, and were not supported by objective findings contained in records of his treatment or treatment by other medical sources.  Furthermore, Dr. Dunn's statements about the plaintiff's ability to work were not only unsupported, they were inconsistent with other evidence in the record, such as the report of the consultative examination, the assessment of Dr. Lee, and evidence of the plaintiff's ability to do various activities on a daily basis.  Dr. Lee concluded in his assessment that the plaintiff was capable of light work.  AR pp. 42-45, 81.  The consultative examination and report by Dr. Wilson in September 2012 showed that the plaintiff was capable of doing the sitting, standing, walking, lifting, carrying and other requirements of light work as it is

12

defined in the regulations. AR pp. 185-90. On physical examination, Dr. Wilson essentially reported that his orthopedic and neurological examination of the plaintiff's upper and lower extremities was normal - no evidence of muscle spasm, weakness or atrophy, deformities, decreased range of motion, or numbness. Plaintiff had good strength in his lower extremities and a negative straight leg raising test. AR pp. 191-92. Plaintiff's hearing testimony and statements in his disability application about his daily activities are also consistent with the assessments of Drs. Wilson and Lee. Plaintiff testified at the hearing that his doctors advised him not to jog, but he could walk and do some lifting. Plaintiff stated that he is able to drive and regularly pick up about 20 pounds, and that if he went early in the morning he would be able to go to the store and get a 60 pound bag of sand, and get it in and out of his trunk onto a wheelbarrow. Plaintiff reported that he is able to take a walk every day and do light housework, household repairs, shopping, attend church and mow the yard. AR pp. 31-35, 128-31.

Thus, it is apparent that in analyzing and weighing the medical reports and opinions, including those of Dr. Dunn, the ALJ applied the correct legal standards. The evidence relied on by the ALJ provided substantial evidentiary support for his decision to give little weight to Dr. Dunn's conclusory opinions regarding the plaintiff's ability to work and maintain employment.

Plaintiff's final claim is that the ALJ erred by not making a finding on whether he could maintain employment.[17]   This claim of error is unsupported.   By definition, residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis.   20 C.F.R. §§ 404.1545 and 416.945; SSR 96-8p.   As explained and clarified by the Fifth Circuit in *Frank v. Barnhart*[18] and *Perez v. Barnhart*,[19] the ALJ is not required in every case to make a specific finding regarding the claimant's ability to maintain employment.   Such a finding is generally implicit in the assessment of the claimant's RFC.   An explicit finding that the claimant can maintain employment is not required unless there is evidence in the record that the disabling symptoms of the claimant's condition wax and wane.

Here, the plaintiff failed to point to evidence which demonstrates that the ALJ was required to make a specific finding that he could also maintain employment.   Review of the administrative record as a whole does not reveal the type of objective evidence that indicates the plaintiff's symptoms have frequent periods of increasing/decreasing severity.[20]   The ALJ was

---

[17] *See*, *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002).

[18] 326 F.3d 618 (5th Cir. 2002); *Dunbar v. Barnhart*, 330 F.3d 670 (5th Cir. 2003).

[19] 415 F.3d at 465.

[20] *Perez,* 415 F.3d at 465 (plaintiff's testimony that he had
(continued...)

not required to make a separate determination that the plaintiff was not only capable of substantial gainful activity but also able to maintain employment, i.e., hold a job for a significant period of time.[21]

The ALJ determined the plaintiff had an RFC for light work. This RFC finding is supported by substantial evidence - the reports of Drs. Wilson and Lee, and the plaintiff's own testimony and statements about his functioning and daily activities.  Given an RFC for light work and based on the vocational testimony given by the expert at the administrative hearing, the ALJ determined at the fourth step that the plaintiff would be able to do the job of real estate appraiser as it is performed in the national economy.  AR pp. 19-20, 29.  This vocational evidence provides substantial evidence to support the ALJ's conclusion at step four that the plaintiff could perform this past work and is not disabled.

### Conclusion

Whether the plaintiff was diagnosed with osteoarthritis,

---

[20](...continued)
good days and bad days, or that his pain waxes and wanes, insufficient to establish factual basis requiring ALJ to make a separate finding the plaintiff was able to maintain employment).

[21] "*Watson* holds that in order to support a finding of disability, the claimant's intermittently recurring symptoms must be of sufficient frequency or severity to prevent the claimant from holding a job for a significant period of time."  The claimant must establish the factual predicate required by *Watson* to necessitate a separate finding.  *Frank*, 326 F.3d at 619-20.

degenerative disk disease, mild cerebral palsy or other conditions does not determine whether he is disabled.  Disability within the meaning of the Social Security Act is not based on a diagnosis. Rather, disability is established when the claimant's medically determinable impairments or combination of impairments cause functional limitations that prevent the performance of substantial gainful activity.

The analysis above demonstrates that the ALJ's finding at the fourth step that the plaintiff's severe impairments did not preclude him from engaging in substantial gainful activity is supported by substantial evidence.  The ALJ also applied the proper legal standards in reaching his decision.  Plaintiff's claims of error are without merit, and the final decision of the Commissioner is affirmed.

Accordingly, under sentence four of 42 U.S.C. § 405(g), the final decision of Acting Commissioner of Social Security Carolyn W. Colvin denying the application for disability benefits filed by plaintiff Joseph B. Carter is affirmed and this action will be dismissed.  A separate judgment will be issued.

Baton Rouge, Louisiana, October 2, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE